

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 17, 1973

The Honorable Ben Munson
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 40

Re: Whether there is a conflict
between the provisions of
Article 1269m, Section 12
of Vernon's Civil Statutes
and Article 4413 (29aa),
Section 6(b).

Dear Representative Munson:

You have asked us to determine whether there is an actual conflict between Article 1269m, Section 12 and Article 4413 (29aa), Section 6(b), Vernon's Texas Civil Statutes.

Article 1269m is the act providing firemen's and policemen's civil service in cities having a population of 10,000 or more inhabitants. Section 12, last amended in 1957 (Acts 1957, 55th Leg., Ch. 391, p. 1171), provides:

> "A person who has received appointment to the Fire Department or Police Department hereunder, shall serve a probationary period of six (6) months. During such probationary period, it shall be the duty of the Fire Chief of head of the Fire Department or Police Chief or head of the Police Department to discharge all Firemen or Policemen whose appointments were not regular or not made in compliance with the provisions of this Act, or of the rules or regulations of the Commission, and to eliminate from the payrolls any such probationary employee. <u>When Firemen or Policemen, however, have served a full probationary period, having been appointed in substantial compliance with Sections 9, 10, and 11 of the Act and not otherwise, they shall automatically become full-fledged civil service employees and shall have full civil service protection</u> . . . . " (Emphasis added)

p. 163

Section 6 of Article 4413 (29aa) was amended in 1969 (Acts 1969, 61st Leg., Ch. 323, p. 1000) to add as a new provision the following as subsection (b):

"No person after September 1, 1970, shall be appointed as a peace officer, except on a temporary or probationary basis, unless such person has satisfactorily completed a proprietory program of training in law enforcement at a school approved or operated by the Commission. Any peace officer who has received a temporary or probationary appointment as such on September 1, 1970, or thereafter, and who fails to satisfactorily complete a basic course in law enforcement, as prescribed by the Commission, within a one-year period from the date of his original appointment, shall forfeit his position as a peace officer and shall be removed therefrom; and may not have his temporary or probationary employment extended beyond one year by renewal of appointment or otherwise; except that after the lapse of one year from the date of his forfeiture and removal, a local law enforcement agency may petition for reinstatement of temporary or probationary employment of such individual, such reinstatement resting within the sole discretion of the Commission." (Emphasis added)

For the most part, the two statutes are not in conflict. Article 1269m applies to firemen and policemen alike while 4413 (29aa) applies only to peace officers. Each requires a probationary period. The only conflict arises in that Article 1269m provides that the probationary period shall be six months in length after which the policemen, having served the full period, shall "automatically" become full fledged civil service employees and have full civil service protection. Article 4413 (29aa) provides that this is only so if the policeman has satisfactorily completed a proprietory program of training in law enforcement at a school approved or operated by the Commission on Law Enforcement Officer Standards and Education. One situation in which there may be a conflict is where a policeman does not complete the required course within six months. Other conflicts may arise, for example, where the officer has completed his training and probationary period in one city

and then transfers to another. Article 1269m would seem to require a new probationary period.

Where a conflict does exist between two statutes, the last enacted, being the most recent expression of the legislative will, will control and by implication repeal any inconsistent provision of the prior enactment. Commercial Standard Fire and Marine Co. v. Commissioner of Insurance, 429 S. W. 2d 930 (Tex. Civ. App., Austin, 1968, no writ); and see Section 3.05 (a) of Article 5429b-2, The Code Construction Act.

It is our opinion, therefore, that to the extent Article 1269m, Section 12, and Article 4413 (29aa), Section 6(b), V. T. C. S., conflict, the latter one, being the last one enacted, will prevail and a police officer will complete his probationary period and become a full-fledged officer only after completing his training in law enforcement.

### SUMMARY

A person appointed as a peace officer after September 1, 1970, must complete an approved course in law enforcement before becoming a full-fledged police officer despite the provision of Article 1269m that the probationary period will end automatically at the end of six months.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee